**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FRANCESCA NICHOLAS** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  3:26-CV-02197-O-BT** |
| | § | |
| **MARKWAYNE MULLIN, ET AL.,** | § | |
| | § | |
| **Respondants.** | § | |

**ORDER**

Before the Court are Petitioner's Petition for Writ Habeas Corpus (ECF No. 1) and Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (ECF No. 5).  Having reviewed the briefing and appliable law, the Petition and the Motion are **DENIED**.

**I.    BACKGROUND**[1]

Petitioner is a native and citizen of Australia. On or about August 27, 2015, she adjusted status to that of a lawful permanent resident of the United States. On or about March 13, 2026, Petitioner was convicted in Collin County, Texas for the offense of POSS CS PG 1/1-B >= 1G. She was subsequently taken into custody by U.S. Immigration and Customs Enforcement ("ICE") and placed in removal proceedings. On June 15, 2026, the Immigration Judge ordered Petitioner removed. Petitioner timely filed an appeal with the BIA, where the appeal remains pending. Petitioner suffers from multiple serious psychiatric conditions, including: Borderline Personality Disorder; Chronic Post-Traumatic Stress Disorder (PTSD); Anorexia Nervosa with Purging; and Attention-Deficit Hyperactivity Disorder (ADHD).

---

[1] The Court relays the facts and claims as written by Petitioner in her Motion for TRO (ECF No. 5) and Petition (ECF No. 1).

Petitioner's Petition and Motion for TRO argue that her continued mandatory civil detention violates the Due Process Clause of the Fifth Amendment. Petitioner further argues that she has been deprived of any meaningful opportunity to obtain an individualized custody determination despite extraordinary medical circumstances demonstrating that continued detention has become punitive, excessive, and constitutionally unreasonable. She now seeks the Court to (1) order Respondents to immediately release Petitioner from immigration custody under such reasonable conditions of supervision as the Court deems appropriate, including periodic reporting requirements or other non-custodial conditions; and (2) Immediately issue a Temporary Restraining Order prohibiting Respondents, their officers, agents, employees, contractors, successors, and all persons acting in concert with them from removing Petitioner from the United States pending further order of this Court.

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). A preliminary injunction is an "extraordinary remedy" and will be granted only if the movant "clearly carried the burden of persuasion on all four requirements." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). Issuing a preliminary injunction should be "the exception rather than the rule," *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985), and the Court will not issue a preliminary injunction unless the movant establishes: (1) a

substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Sci., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013); *accord Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). "Failure to sufficiently establish any one of the four factors requires [the court] to deny the movant's request for a preliminary injunction." *City of Dallas v. Delta Airlines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

### III. ANALYSIS

#### A. The Court cannot provide the relief sought pursuant to a TRO.

The Court denies the TRO because Petitioner asks for improper relief. Petitioner seeks a stay of her order of final removal. "A request for stay of removal is a challenge to a removal order." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). And federal courts lack jurisdiction over "claims connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999). Thus, this Court lacks the authority to stay her removal proceedings. *Imran*, 2026 WL 93131.

Petitioner also requests "immediate[] release" from ICE custody.[2] But release is an ultimate form of relief that this Court cannot grant pursuant to a TRO. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no

---

[2] Mot. TRO 7, ECF No. 5.

longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025). Thus, the Court cannot grant relief under the TRO in the form of release.

### B. Petitioner's Claims Do Not Have Merit.

Furthermore, Petitioner's Constitutional-based claims lack merit. Petitioner argues that her continued detention is unconstitutional under the Due Process Clause of the Fifth Amendment. "[T]he Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings." *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 697 (N.D. Tex. 2025) (discussing *Demore v. Kim*, 538 U.S. 510 (2002)). Accordingly, substantive due process is not offended by an alien's detention pending removal proceedings. *Id.* "[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Demore*, 538 U.S. at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. "Against that backdrop, the notion that substantive due process requires a bond hearing is untenable." *Zuniga*, 814 F. Supp. at 697.

Here, Petitioner's pending appeal is part of her removal proceedings. *See* 8 U.S.C. § 1231. At this stage, because Petitioner is being detained related to her removal proceedings, the Government may constitutionally detain her during the limited period of time necessary to resolve those proceedings. *Demore*, 538 U.S. at 528. Accordingly, Petitioner's Petition must be denied.

Finally, "Fifth Circuit precedent provides that unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do

not warrant release." *Barbosa v. Barr*, 502 F. Supp. 3d 1115, 1120 (N.D. Tex. 2020) (quoting

*Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009)).  Thus, even if she were correct that

"[c]ontinued detention places [her] at substantial psychological risk . . . [and] heightens the risk of

another suicide attempt"[3] that does not provide a basis for relief.

## IV.  CONCLUSION

Because Petitioner's confinement is not unconstitutional, and this Court does not have

jurisdiction to review the merits of the order of final removal, *Imran*, 2026 WL 93131, the TRO

and Petition for Habeas are **DENIED**.

**SO ORDERED** on this **17th day** of **July, 2026.**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Pet. 6–7, ECF No. 1.